**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 9, 2025

Michael Hanrahan
Corinne Elise Amato
Eric J. Juray
Stacey A. Greenspan
Kirsten M. Valania
Caitlin E. Whetham
PRICKETT, JONES & ELLIOTT, P.A.
1310 N. King Street
Wilmington, Delaware 19801

Brad D. Sorrels
Andrew D. Cordo
Daniyal M. Iqbal
Nora M. Crawford
Joshua A. Manning
Jacqueline G. Conner
WILSON SONSINI GOODRICH &
ROSATI, P.C.
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801

Peter J. Walsh, Jr.
Michael A. Pittenger
T. Brad Davey
Callan R. Jackson
Joshua S. Almond
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, Delaware 19801

Re: *Plumbers & Fitters Local 295 Pension Fund v. Dropbox, Inc. et al.*, C.A. No. 2025-0354-KSJM

Dear Counsel:

On May 21, 2025, the court inquired into the parties' positions on whether to certify, under Delaware Supreme Court Rule 41, the questions of constitutional law raised in Count I of the Verified Class Action Complaint (the "Constitutional Questions").[1]

---

[1] C.A. 2025-0354-KSJM, Docket ("Dkt.") 20.

The parties responded to the court's letter on May 29, 2025. The plaintiff supports certification.[2] The defendants oppose it.[3] Also on May 29, 2025, the Governor moved to intervene for the limited purpose of addressing the Constitutional Questions, but he took no position on whether they should be certified.[4]

Subsequently, Vice Chancellor Will certified the following questions of law under Rule 41 in *Rutledge v. Clearway Energy Group LLC, et al.* (the *"Clearway Certified Questions"*):

> Does Section 1 of Senate Bill 21, codified at 8 *Del. C.* § 144—eliminating the Court of Chancery's ability to award "equitable relief" or "damages" where the Safe Harbor Provisions are satisfied—violate the Delaware Constitution of 1897 by purporting to divest the Court of Chancery of its equitable jurisdiction?
>
> Does Section 3 of Senate Bill 21— applying the Safe Harbor Provisions to plenary breach of fiduciary claims arising from acts or transactions that occurred before the date that Senate Bill 21 was enacted—violate the Delaware Constitution of 1897 by purporting to eliminate causes of action that had already accrued or vested?[5]

At a minimum, the above-certified questions overlap with the Constitutional Questions. For this reason, this action is stayed pending resolution of the *Clearway Certified Questions*.

---

[2] *Id.*, Dkt. 21.

[3] *Id.*, Dkt. 22.

[4] *Id.*, Dkts. 23, 24.

[5] C.A. No. 2025-0499-LWW, Dkt. 19.

A stay of the entire action is appropriate. Pending before the court are the following substantive motions: the plaintiff's motion for partial summary judgment;[6] the Governor's motion to intervene;[7] and the defendants' motion to dismiss.[8] Each of these motions speak to the Constitutional Questions. The plaintiff's motion for summary judgment addresses the Constitutional Questions directly.[9] The Governor's motion to intervene is "for the limited purpose of addressing the question of the constitutionality of 8 *Del. C.* § 144 ('Section 144') as amended by Senate Bill 21 in 2025."[10] The plaintiff says that the defendants' motion to dismiss too will necessarily implicate amended Section 144.[11] Although the defendants deny this,[12] the court would need to interpret the scope and nature of amended Section 144 to resolve the parties' dispute over the scope of the issues governing the defendants' motion to dismiss. That exercise is best undertaken if and after the high court weighs in on amended Section 144.

---

[6] C.A. 2025-0354-KSJM, Dkt. 14.

[7] *Id.*, Dkt. 24.

[8] *Id.*, Dkt. 15. The plaintiff also filed a motion to set a schedule. *Id.*, Dkt. 5 (Pl.'s Mot. to Set a Schedule). That motion is denied in favor of a stay.

[9] *See generally id.*, Dkt.5, Pl.'s Mot. to Set a Schedule.

[10] C.A. 2025-0354-KSJM, Dkt. 24 at 1.

[11] *Id.*, Dkt. 11 (Pl.'s Reply in Support of Mot. to Set a Schedule) (arguing that Section 144 sets a governing standard intertwined with any arguments for dismissal that the defendants might raise).

[12] *Id.*, Dkt. 8 (Defs.' Opp'n to Pl.'s Mot. to Set a Schedule).

This action is STAYED pending resolution of the *Clearway* Certified Questions.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor

cc:    All counsel of record (by *File & ServeXpress*)